# EXHIBIT 1

# EXHIBIT 1

**Electronically Filed**
**12/30/2024 2:27 PM**
**Steven D. Grierson**
**CLERK OF THE COURT**

**COMP**
JAMES D. URRUTIA, ESQ.
Nevada Bar No. 12885
**LJU LAW FIRM**
7575 Vegas Drive, Suite 100
Las Vegas, Nevada 89128
T: (702) 707-9433
F: (702) 702-2194
James@TheLJU.com
*Counsel for Plaintiff*

CASE NO: A-24-909041-C
Department 23

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| JEROME JIBREEL WRIGHT, II,<br><br>              Plaintiff,<br><br>vs.<br><br>JKG FITNESS, INC. dba PLANET FITNESS, a Nevada limited liability company; Unknown Male Sales Employee of PLANET FITNESS; Unknown Female Manager of PLANET FITNESS; DOE INDIVIDUALS 1 through 10; ROE CORPORATIONS 1 through 10; inclusive,<br><br>              Defendants. | CASE NO.:<br>DEPT. NO.: |

COMES NOW, Plaintiff, JEROME JIBREEL WRIGHT, II, by and through his attorney of record, JAMES D. URRUTIA, ESQ. of the LJU LAW FIRM, and for a cause of action against the Defendants, and each of them, for damages and injuries sustained on or about December 31, 2022, allege as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.     Plaintiff JEROME JIBREEL WRIGHT, II (hereinafter "Plaintiff") is an individual residing in Clark County, Nevada.

2.     Defendant JKG FITNESS, INC. dba PLANET FITNESS (hereinafter

LJU LAW FIRM
7575 Vegas Dr., Ste. 100, Las Vegas, NV 89128
T: (702) 707-9433 | F: (702) 702-2194

Page 1 of 11

LJU LAW FIRM
7575 Vegas Dr., Ste. 100, Las Vegas, NV 89128
T: (702) 707-9433 | F: (702) 702-2194

"Defendant Planet Fitness") is a Nevada limited liability company doing business as Planet Fitness, with a location at 7250 Arroyo Crossing Pkwy, Las Vegas, Nevada 89113-4058.

3. Defendant JOHN DOE (hereinafter "Defendant John Doe") is an individual employed by Defendant Planet Fitness as a sales employee at the aforementioned location. His true name is unknown to Plaintiff at this time.

4. Defendant JANE DOE (hereinafter "Defendant Jane Doe") is an individual employed by Defendant Planet Fitness as a manager at the aforementioned location. Her true name is unknown to Plaintiff at this time.

5. The true names and capacities of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when the same have been ascertained.

6. This Court has subject matter jurisdiction over this action pursuant to NRS 4.370 and Article 6, Section 6 of the Nevada Constitution.

7. Venue is proper in this Court pursuant to NRS 13.040 as the acts complained of occurred in Clark County, Nevada.

### FACTUAL ALLEGATIONS

1. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

2. On or about December 31, 2022, Plaintiff, an African American man, was a patron at Defendant's Planet Fitness location on Arroyo Crossing Pkwy in Las Vegas, Nevada by utilizing a guest pass.

///

3. During Plaintiff's visit, Defendant John Doe, a white employee of Defendant

Planet Fitness, addressed Plaintiff as "boy."

4.    The use of the term "boy" to address a black man, especially when used by a white person, has a long and troubling history rooted in racism and discrimination in the United States. It was commonly used during the eras of slavery and Jim Crow to demean and infantilize black men, regardless of their age or status.

5.    Plaintiff repeated asked for the sales person to not address him as "boy".

6.    This remark was offensive, discriminatory, and caused Plaintiff emotional distress, humiliation, and psychological harm.

7.    Upon being called "boy," Plaintiff felt demeaned, disrespected, and subjected to racial animus.

8.    Plaintiff immediately reported the incident to Defendant Jane Doe, the manager on duty.

9.    Upon information and belief, Defendant Planet Fitness and Defendant Jane Doe failed to properly train and supervise Defendant John Doe to prevent such discriminatory conduct.

10.    Defendant Planet Fitness's actions, through its employees, violated Plaintiff's right to be free from discrimination in a place of public accommodation.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Violation of Nevada Public Accommodations Law (NRS 651.070))**
**(Against all Defendants)**

11.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

12.    Defendant's Planet Fitness location is a place of public accommodation as

LJU LAW FIRM
7575 Vegas Dr., Ste. 100, Las Vegas, NV 89128
T: (702) 707-9433 | F: (702) 702-2194

defined by NRS 651.050.

13.    Defendant, through its employee, denied Plaintiff the full and equal enjoyment of its services on the basis of race, in violation of NRS 651.070.

14.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including but not limited to emotional distress, humiliation, and loss of dignity sustaining injuries and general damages in excess of Fifteen Thousand Dollars ($15,000.00).

15.    Defendants have forced Plaintiff to retain counsel to represent him in the prosecution of this action, and is therefore entitled to an award of a reasonable amount as attorney's fees and costs of suit.

**SECOND CAUSE OF ACTION**

**(Negligence)**
**(Against all Defendants)**

16.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

17.    Defendants owed Plaintiff a duty of care to provide a safe and non-discriminatory environment for its patrons.

18.    Defendant breached this duty by allowing its employee to make racist remarks towards Plaintiff.

19.    As a direct and proximate result of Defendant's negligence, Plaintiff has suffered damages, including emotional distress and psychological harm, sustaining injuries and general damages in excess of Fifteen Thousand Dollars ($15,000.00).

20.    Defendants have forced Plaintiff to retain counsel to represent him in the prosecution of this action, and is therefore entitled to an award of a reasonable amount as attorney's fees and costs of suit.

LJU LAW FIRM
7575 Vegas Dr., Ste. 100, Las Vegas, NV 89128
T: (702) 707-9433 | F: (702) 702-2194

LJU LAW FIRM
7575 Vegas Dr., Ste. 100, Las Vegas, NV 89128
T: (702) 707-9433 | F: (702) 702-2194

**THIRD CAUSE OF ACTION**

**(Negligent Training and Supervision)**
**(Against Defendant Planet Fitness and Defendant Jane Doe)**

21.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

22.     Defendant had a duty to properly train and supervise its employees to prevent discriminatory conduct towards patrons.

23.     Defendant breached this duty by failing to adequately train and supervise its employees, resulting in the racist remark directed at Plaintiff.

24.     As a direct and proximate result of Defendant's negligence, Plaintiff has suffered damages sustaining injuries and general damages in excess of Fifteen Thousand Dollars ($15,000.00).

25.     Defendants have forced Plaintiff to retain counsel to represent him in the prosecution of this action, and is therefore entitled to an award of a reasonable amount as attorney's fees and costs of suit.

**FOURTH CAUSE OF ACTION**

**(Intentional Infliction Of Emotional Distress)**
**(Against All Defendants)**

26.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

27.     Defendant's employee's conduct in making a racist remark towards Plaintiff was extreme and outrageous.

28.     Defendant's employee acted intentionally or recklessly in making the racist remark.

LJU LAW FIRM
7575 Vegas Dr., Ste. 100, Las Vegas, NV 89128
T: (702) 707-9433 | F: (702) 702-2194

29. As a result of Defendant's employee's conduct, Plaintiff suffered severe emotional distress.

30. Defendant is vicariously liable for its employee's actions committed within the scope of employment.

31. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered damages sustaining injuries and general damages in excess of Fifteen Thousand Dollars ($15,000.00).

32. Defendants have forced Plaintiff to retain counsel to represent him in the prosecution of this action, and is therefore entitled to an award of a reasonable amount as attorney's fees and costs of suit.

## FIFTH CAUSE OF ACTION

### (Violation of 42 U.S.C. § 1981)
### (Against All Defendants)

33. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

34. Defendant's actions, through its employee, interfered with Plaintiff's right to make and enforce contracts on the same basis as white citizens, in violation of 42 U.S.C. § 1981.

35. As a result of Defendant's violation, Plaintiff has suffered damages in excess of Fifteen Thousand Dollars ($15,000.00).

36. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered damages sustaining injuries and general damages in excess of Fifteen Thousand Dollars ($15,000.00).

37. Defendants have forced Plaintiff to retain counsel to represent him in the prosecution of this action, and is therefore entitled to an award of a reasonable amount as

attorney's fees and costs of suit.

## SIXTH CAUSE OF ACTION

### (Assault)
### (Against Defendant John Doe and Defendant Planet Fitness)

32.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

33.     Defendant John Doe's racist remark created a reasonable apprehension of immediate harmful or offensive contact in Plaintiff.

34.     Defendant John Doe's conduct was intentional.

35.     As a result of Defendant John Doe's conduct, Plaintiff suffered damages.

36.     Defendant Planet Fitness is vicariously liable for Defendant John Doe's actions committed within the scope of employment.

37.     As a direct and proximate result of Defendant's negligence, Plaintiff has suffered damages sustaining injuries and general damages in excess of Fifteen Thousand Dollars ($15,000.00).

38.     Defendants have forced Plaintiff to retain counsel to represent him in the prosecution of this action, and is therefore entitled to an award of a reasonable amount as attorney's fees and costs of suit.

## SEVENTH CAUSE OF ACTION

### (Negligent Retention)
### (Against Defendant Planet Fitness and Defendant Jane Doe)

37.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

38.     Defendant Planet Fitness and Defendant Jane Doe knew or should have known of Defendant John Doe's propensity for making racist remarks or engaging in discriminatory

**LJU LAW FIRM**
7575 Vegas Dr., Ste. 100, Las Vegas, NV 89128
T: (702) 707-9433 | F: (702) 702-2194

**LJU LAW FIRM**
7575 Vegas Dr., Ste. 100, Las Vegas, NV 89128
T: (702) 707-9433 | F: (702) 702-2194

behavior.

39.    Despite this knowledge, Defendant Planet Fitness and Defendant Jane Doe continued to employ Defendant John Doe.

40.    As a result of Defendants' negligent retention of Defendant John Doe, Plaintiff suffered damages.

41.    As a direct and proximate result of Defendant's negligence, Plaintiff has suffered damages sustaining injuries and general damages in excess of Fifteen Thousand Dollars ($15,000.00).

42.    Defendants have forced Plaintiff to retain counsel to represent him in the prosecution of this action, and is therefore entitled to an award of a reasonable amount as attorney's fees and costs of suit.

## EIGHTH CAUSE OF ACTION

### (Respondeat Superior)
### (Against Defendant Planet Fitness)

41.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

42.    At all relevant times, Defendants John Doe and Jane Doe were employees of Defendant Planet Fitness acting within the scope of their employment.

43.    Defendant Planet Fitness is vicariously liable for the tortious acts of its employees committed within the scope of their employment.

44.    As a direct and proximate result of Defendant's negligence, Plaintiff has suffered damages sustaining injuries and general damages in excess of Fifteen Thousand Dollars ($15,000.00).

/ / /

45. Defendants have forced Plaintiff to retain counsel to represent him in the prosecution of this action, and is therefore entitled to an award of a reasonable amount as attorney's fees and costs of suit.

## NINTH CAUSE OF ACTION

### (Violation of Civil Rights (NRS 651.070))

### (Against All Defendants)

44. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

45. NRS 651.070 provides that all persons are entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of any place of public accommodation, without discrimination or segregation on the ground of race, color, religion, national origin, disability, sexual orientation, sex, gender identity or expression.

46. Defendant Planet Fitness's facility is a place of public accommodation as defined by NRS 651.050.

47. By addressing Plaintiff, a black man, as "boy," Defendant John Doe engaged in discriminatory conduct based on race.

48. Defendants Planet Fitness and Jane Doe failed to prevent or adequately respond to this discriminatory conduct.

49. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages, including but not limited to emotional distress, humiliation, and loss of dignity.

/ / /

/ / /

LJU LAW FIRM
7575 Vegas Dr., Ste. 100, Las Vegas, NV 89128
T: (702) 707-9433 | F: (702) 702-2194

50.     Defendants' conduct was willful, wanton, and in reckless disregard of Plaintiff's rights, justifying an award of punitive damages in excess of Fifteen Thousand Dollars ($15,000.00).

51.     As a direct and proximate result of Defendant's negligence, Plaintiff has suffered damages sustaining injuries and general damages in excess of Fifteen Thousand Dollars ($15,000.00).

52.     Defendants have forced Plaintiff to retain counsel to represent him in the prosecution of this action, and is therefore entitled to an award of a reasonable amount as attorney's fees and costs of suit.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1.  Enter judgment in favor of Plaintiff and against Defendant;

2.  Award Plaintiff compensatory damages in an amount to be determined at trial;

3.  Award Plaintiff punitive damages as allowed by law;

4.  Grant injunctive relief requiring Defendant to implement proper training and policies to prevent future discriminatory conduct;

5.  Award Plaintiff reasonable attorneys' fees and costs;

6.  Award Plaintiff pre-judgment and post-judgment interest as provided by law; and

7.  Grant such other and further relief as this Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

LJU LAW FIRM
7575 Vegas Dr., Ste. 100, Las Vegas, NV 89128
T: (702) 707-9433 | F: (702) 702-2194

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 30th day of December, 2024.

**LJU LAW FIRM**

*/s/ James D. Urrutia*

JAMES D. URRUTIA, ESQ.
Nevada Bar No. 12885
7575 Vegas Drive, Suite 100
Las Vegas, Nevada 89128
*Counsel for Plaintiff*

**LJU LAW FIRM**
7575 Vegas Dr., Ste. 100, Las Vegas, NV 89128
T: (702) 707-9433 | F: (702) 702-2194